UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRISTIN KANDT,

      Plaintiff,

v.

                                 Case No. 23-cv-2043-DDC-TJJ

GARDEN CITY, KANSAS,

      Defendant.

## MEMORANDUM AND ORDER

Plaintiff Kristin Kandt alleges that her former employer, Garden City, Kansas, discriminated against her based on her disability. Plaintiff requested a jury trial and designated Kansas City, Kansas, as the place of trial. On August 29, 2024, Defendant timely filed a Motion to Change Place of Trial (ECF No. 40). Defendant requests trial in this case be held in Wichita rather than in Kansas City. Plaintiff opposes this motion. For the reasons explained below, the Court denies Defendant's motion.

## I.    Legal Standards

Under D. Kan. Rule 40.2(e), "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[1] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and

---

[1] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

witnesses.[2]  Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

Section 1404(a) gives "a district court broad discretion in deciding a motion to transfer" on a "case-by-case" basis.[3] In evaluating a requested transfer under 28 U.S.C. § 1404(a), the Court considers five factors: (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[4]  The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer,[5] and the moving party bears the burden of proving that the existing forum is inconvenient.[6]  Indeed, courts in this District have held that the moving party must show the existing forum is "substantially inconvenient, not just that [the proposed new forum] is marginally more convenient."[7]

---

[2] 28 U.S.C. § 1404(a).

[3] *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[4] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp.*, 928 F.2d at 1515–16).

[5] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)); *Escalante v. Williams*, No. 17-CV-2035-HLT-KGG, 2018 WL 4341268, at *1 (D. Kan. Sept. 11, 2018).

[6] *Scheidt*, 956 F.2d at 965.

[7] *Spires*, 2006 WL 1642701, at *3; *See also Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009).

## II.   Analysis

### A.   *Plaintiff's Choice of Forum*

Although a plaintiff's choice of forum is normally entitled to great deference, such consideration is given "much less weight in ruling on a discretionary transfer motion" if the plaintiff's choice of forum is not the plaintiff's residence.[8] "When the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[9] Although Plaintiff lived in Garden City while she was employed by Defendant and during the events giving rise to this lawsuit, she has since moved to Kansas City, Missouri, which is undisputably much closer to Plaintiff's chosen place of trial in Kansas City, Kansas than it is to Defendant's requested trial location in Wichita. Defendant argues despite Plaintiff living near the chosen venue, this factor weighs against Plaintiff because this case has no substantial connection to Kansas City and Defendant Garden City is located in southwest Kansas closer to Wichita.

Plaintiff argues trial should take place in Kansas City as originally designated because Defendant has not met its burden necessary to defeat the deference Plaintiff's chosen forum receives. Plaintiff argues this is a discrimination case based upon disability and her medical providers are located in Kansas City, whereas Defendant only argues generally that this case has "no substantial connection to Kansas City."[10] Plaintiff asserts, therefore, that the first factor weighs in favor of Kansas City.

---

[8] *Renteral v. JNB Transp., LLC,* No. 23-CV-2191-TC-TJJ, 2024 WL 3279034, at *2 (D. Kan. June 3, 2024) (citations omitted).

[9] *Id.*

[10] ECF No. 41 at 2.

The Court finds Plaintiff has designated Kansas City, Kansas as place of trial and Plaintiff currently resides relatively close by in Kansas City, Missouri. Defendant proposes Wichita as the trial location but fails to satisfy the requisite burden to overcome Plaintiff's designated trial location. Therefore, this factor weighs in favor of the Plaintiff's choice of Kansas City, Kansas as place of trial.

### B.    Convenience of the Witnesses

As this Court has emphasized, "[i]n deciding a motion to transfer under § 1404(a), the relative convenience of the forum is 'a primary, if not the most important, factor to consider.'"[11] Specifically, "[c]onvenience of the non-party witnesses is the most important factor to be considered."[12] Ultimately, the Court will grant Defendant's transfer motion only if it finds Kansas City to be substantially inconvenient for non-party witnesses, not just that Wichita is marginally more convenient.[13] Such inconvenience requires that "all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden."[14] The moving party must therefore "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[15]

---

[11] *LeTourneau v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015)).

[12] *Meek & Assocs., Inc. v. First Union Ins. Grp.*, 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001).

[13] *Menefee*, 2009 WL 1313236, at *2.

[14] *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 164602, at *2 (D. Kan. Apr. 14, 2015).

[15] *LeTourneau*, 2018 WL 489096, at *3 (quoting *McDermed*, 2014 WL 6819407, at *2).

Defendant argues that all potential witnesses, other than Plaintiff, reside in or near the Garden City area, including the six witnesses identified in its Rule 26 initial disclosures. Defendant notes the federal courthouse in Wichita is 160 miles closer to Garden City than the federal courthouse in Kansas City.[16] Therefore, Defendant argues Kansas City is substantially inconvenient for practically all its witnesses.

In response, Plaintiff argues that although Wichita would be more convenient for Defendant's witnesses it would be inconvenient for Plaintiff herself and any potential medical providers Plaintiff may call as witnesses. Since Plaintiff's medical providers are located in Kansas City, it would be inconvenient for these potential witnesses to travel to Wichita. Plaintiff also claims her medical conditions and treatments make it difficult for her to travel.

Defendant has the burden here to show Kansas City would be substantially inconvenient for the witnesses. While Defendant has made a general claim that all relevant witnesses except for the Plaintiff live in or near Garden City, it has not addressed Plaintiff's potential witnesses from Kansas City or Plaintiff's medical concerns making travel difficult. Therefore, the Court finds the Defendant has not met its burden and this factor is either neutral or weighs slightly in favor of Plaintiff's designation of Kansas City as the trial location.

C.      *Accessibility of Witnesses and Other Sources of Proof*

Defendant argues all relevant witnesses except Plaintiff live in or near Garden City, which is closer to Wichita than Kansas City. Plaintiff asserts an unspecified number of medical providers, who may become witnesses, live in Kansas City and the transfer would affect their accessibility.

---

[16] ECF No. 41 at 2 ("The Wichita federal courthouse is approximately 215 miles from Garden City, whereas the Kansas City federal courthouse is approximately 375 miles from Garden City….").

Neither party suggests any difficulty in accessing documents necessary for trial. Therefore, this factor weighs in favor of maintaining Kansas City as the place of trial.

D.    *Fair Trial*

Defendant also argues that a trial in Wichita would be fairer than a trial in Kansas City because jurors from the Wichita area better represent Garden City. Defendant argues that a panel of jurors drawn from the Dodge City Division, a jury division for the Wichita courthouse, is more likely to better represent the economic and demographic makeup of Finney County, the county where Garden City is located. Defendant does not explain how jurors from counties located in southwestern Kansas would make a jury trial "inherently fairer." Defendant also does not address whether these concerns could be resolved during a voir dire of potential jurors. Plaintiff argues Defendant's assertion is an unsupported assumption as even if the venue was transferred to Wichita, the jury pool would consist not only of residents of Dodge City but residents of Wichita and other cities and counties as well. The Court knows of no reason the parties could not have a fair trial in either city and therefore finds this factor favors maintaining Plaintiff's designation of Kansas City as the trial location.

E.    *Other Considerations*

The final factor weighs "all other practical considerations that make a trial easy, expeditious, and economical."[17] Defendant asks this Court to consider the negative practical implications of requiring their fact witnesses, who are public employees, to travel further for this trial. Defendant argues its relevant witnesses are employees of Garden City who provide essential public services and their expedient return to work should be a consideration in determining the

---

[17] *Chrysler Credit Corp.*, 928 F.2d at 1516.

place of trial.  Plaintiff asserts regardless of whether the trial takes place in Wichita or Kansas City, Defendant's witnesses will spend a significant amount of time traveling to either location. Additionally, Plaintiff argues changing the trial location to Wichita would cause a significant burden on her and make travel difficult for her.

Plaintiff also asserts it would be more practical for the trial to take place in Kansas City because her medical conditions make travel a health risk. Plaintiff alleges she suffers long term effects of Covid and a primary immune deficiency, leaving her vulnerable to illness and often feeling fatigued. To remain healthy, Plaintiff claims she receives frequent infusions under the supervision of medical personnel. The Court considers Plaintiff's health conditions and finds this factor weighs in favor of Plaintiff's designation of Kansas City as the trial location.[18]

Considering all of the "other considerations" raised by both parties, the Court finds Plaintiff's health concerns are the most compelling. This factor therefore weighs in favor of Plaintiff's designation of Kansas City as the location of trial.

In conclusion, all of the above factors either weigh in favor of Plaintiff's designation of Kansas City as the location for trial or are neutral. The Court, therefore, finds Defendant has not met its burden to show that the case should be transferred to Wichita for trial.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Change Place of Trial (ECF No. 40) is **denied**.

---

[18] *See Ngiendo v. Univ. Partners, LLC*, No. 20-CV-2393-HLT-TJJ, 2022 WL 1421558, at *2 (D. Kan. May 5, 2022) (granting pro se plaintiff's motion to change trial location from Kansas City to Topeka, finding the travel burden disproportionately higher for the disabled plaintiff than the defendants or witnesses).

IT IS SO ORDERED.

Dated October 23, 2024, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge